IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHELLE POWERS, )
)
    Plaintiff, )
) NO. 3:18-cv-01029
v. ) JUDGE RICHARDSON
)
BLESSED HOMECARE, LLC and )
CAROL LEATHERMAN, )
)
    Defendants.

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion to Conditionally Certify Collective Action, Order Disclosure of Putative Members' Names and Contact Information, and Facilitate Court-Supervised Notice (Doc. No. 14), to which no response has been filed.

## BACKGROUND

Plaintiff Powers' First Amended Complaint (Doc. No. 12) asserts that she is a former employee of Defendants Blessed HomeCare and Leatherman, who provide in-home care services and group home services to clients. Plaintiff filed this action pursuant to the Fair Labor Standards Act ("FLSA"), alleging failure to pay time and one-half the hourly wage ("overtime compensation") to caregivers, such as Plaintiff, who worked more than 40 hours per week for Defendants. *Id.* In the pending motion, Plaintiff asks the Court to conditionally certify a class of all current and former employees of Defendants who worked as caregivers within the last three years. (Doc. No. 14). Plaintiff also asks the Court to require Defendants to provide Plaintiff with a computer readable data file containing the name, last known address, last known email address, and dates of employment for each such employee, to conspicuously post notice of this case in the

group homes maintained by Defendants, and to disseminate the notice with paychecks and/or pay stubs. *Id.* Finally, Plaintiff asks the Court to approve her proposed Consent to Join form. *Id.*

## CONDITIONAL CERTIFICATION

The FLSA provides that a collective action to recover compensation may be maintained against any employer by any one or more employees for and on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). Unlike class actions under Fed. R. Civ. P. 23, FLSA collective actions require similarly situated employees to "opt in" as party plaintiffs. Also, because the FLSA requires only that the employees be "similarly situated," plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class under Rule 23. *Watson v. Advanced Distribution Servs.*, 298 F.R.D. 558, 561 (M.D. Tenn. 2014).

Generally, courts recognize a two-step process to determine whether plaintiffs are similarly situated. *Bradford v. Logan's Roadhouse, Inc.*, 137 F. Supp. 3d 1064, 1071 (M. D. Tenn. 2015). The first step takes place at the beginning of discovery, where the plaintiff bears the burden of showing that employees in the purported class are similarly situated. *Id.*[1] The plaintiff must show only that her position is similar, not that it is identical, to the positions held by the putative class members. *Id.* (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)). At this first stage, courts use a "fairly lenient standard" that typically results in conditional certification of a representative class. *Id.*

Although the required factual showing is "modest," it cannot be satisfied simply by unsupported assertions. *Medley v. Southern Health Partners, Inc.*, Case No. 1:17-cv-00003, 2017

---

[1] If reached, the second step takes place after all of the opt-in forms have been received and discovery has concluded. *Brasfield v. Source Broadband Servs.*, LLC, 257 F.R.D. 641, 642 (W.D. Tenn. 2009). At the second step, after discovery, the defendant may move to decertify the conditional class. *Ware v. T-Mobile USA*, 828 F. Supp. 2d 948, 951 (M.D. Tenn. 2011).

2

WL 3485641, at * 5 (M.D. Tenn. Aug. 15, 2017). In other words, conclusory allegations are insufficient to support conditional certification. *Arrington v. Michigan Bell Tel. Co.*, No. 10-10975, 2011 WL 3319691, at * 4 (E.D. Mich. Aug. 1, 2011) (citing 7B Wright, Miller & Kane, *Federal Practice & Procedure* § 1807 (3d ed. 2005) at 490-91). This is true even if the conclusory allegations are asserted not merely in a complaint, but rather in a (sworn) plaintiff's declaration. *See McKinstry v. Dev. Essential Servs., Inc.*, No. 2:16-cv-12565, 2017 WL 815666, at * 2 (E.D. Mich. Mar. 2, 2017) (noting that *Arrington*'s rule applies even to assertions made in a declaration). The named plaintiff must present some factual support for the existence of a class-wide policy or practice that violates the FLSA. *Medley*, 2017 WL 3485641, at * 5. A plaintiff must submit evidence establishing at least a colorable basis for her claim that a class of similarly situated plaintiffs exists. *Id.*; *Swinney v. Amcomm Telecom., Inc.*, No. 12-12925, 2013 WL 28063, at * 5 (E.D. Mich. Jan. 2, 2013). At the first stage, a plaintiff must present substantial allegations supported by declarations; if the plaintiff meets that burden, a court, in its discretion, may conditionally certify the case as a collective action. *Medley*, 2017 WL 3485641, at * 5.[2]

A court may consider the factual record developed to date when determining whether the plaintiff has met her evidentiary burden, but the court does not resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations at this first stage. *Bradford*, 137 F. Supp. 3d at 1072. If a court determines that conditional certification is warranted,

---

[2] Plaintiff cites *Rodolico v. Unisys Corp.*, 199 F.R.D. 468 (E.D.N.Y. 2001) for the principle that generally, at the notice stage, courts require nothing more than substantial allegations that the putative class members were together the victim of a single decision, policy, or plan. *Id.* at 480. To the extent that *Rodolico* implies that mere allegations, as opposed to evidence, can suffice at the notice stage, the Court declines to follow it. Although some courts do not require evidentiary support at the notice stage, others do. 7B Wright, Miller & Kane, *Federal Practice & Procedure* § 1807 (3d ed. 2005) at 490-91. As *Medley* suggests, courts in this circuit do require an evidentiary showing. *Medley*, 2017 WL 3485641, at * 5.

it may authorize the notification of similarly situated employees to allow them to opt into the lawsuit. *Id*. Such certification is conditional and by no means final. *Id*.

## SIMILARLY SITUATED EMPLOYEES

The FLSA does not define the term "similarly situated," but courts have held that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy and when proof of that policy or of conduct in conformity with that policy proves a violation as to all plaintiffs. *Bradford*, 137 F. Supp. 3d at 1071; *Watson*, 298 F.R.D. at 561. Employees may be similarly situated if their claims are unified by common theories of the defendant's statutory violations, even if the proofs of these theories are individualized and distinct. *Id*. In the FLSA context, courts have consistently required the plaintiffs to show that the class members were together the victims of a "single decision, policy, or plan" before they will conditionally certify a collective action. *Pacheco v. Boar's Head Provisions Co.,* 671 F. Supp. 2d 957, 961 (W.D. Mich. 2009).

As noted above, a plaintiff must submit evidence establishing at least a colorable basis for her claim that a class of similarly situated plaintiffs exists for the purposes of conditional certification. *Swinney*, 2013 WL 28063, at * 5; *O'Neal v. Emery Fed. Credit Union*, No. 1:13-cv-22, 2013 WL 4013167, at * 5 (S.D. Ohio Aug. 6, 2013).[3] Certification at the notice stage, although governed by a lenient standard, is not automatic. *Harriel v. Wal-Mart Stores, Inc.*, Civil Action No. 11-2510, 2012 WL 2878078, at *4 (D.N.J. July 13, 2012). "A plaintiff must show a 'factual nexus' between his or her situation and the situation of other current and former employees sufficient to determine that they are similarly situated." *Id*.

---

[3] While the required level of proof is minimal and lenient at this first stage, the court should exercise caution in granting conditional certification, because the Sixth Circuit has held that a conditional order approving notice to prospective co-plaintiffs in a suit under Section 216(b) is not appealable. *O'Neal,* 2013 WL 4013167, at * 5; *Comer*, 454 F.3d at 549.

4

## ANALYSIS

The only question before the Court on the instant motion is whether Plaintiff has carried her burden of showing that employees in the purported class are similarly situated for purposes of the first ("notice") stage of conditional certification. In support of her motion, Plaintiff has filed her own Declaration (Doc. No. 14-1), in which she describes the factual basis for her own claim of failure to pay overtime compensation. The only facts Plaintiff asserts with regard to the allegedly similarly situated employees, however, is the following: "I am aware of other caregivers who worked for Defendants within the last three years who worked more than 40 hours in a workweek and who were subjected to the same wage policy, and who were not paid one and one-half times their regular rate of pay for all hours worked over 40 hours in some workweeks." (Doc. No. 14-1 at ¶ 12).

Plaintiff has failed to allege facts to show anything beyond how the alleged pay policy was applied to and affected *her.* She has not alleged facts, as opposed to conclusory allegations, to show that the policy she contends was applied to her was either company-wide or affected other employees. She has not supported her "awareness" of the situations of other caregivers with anything more than the statement itself. *See Arrington*, 2011 WL3319691, at * 5. She has not demonstrated that she has personal knowledge about or has personally observed these other employees, or that her "awareness" is based on first-hand experience.[4] In other words, these are mere conclusory allegations which, as noted above, are insufficient even when set forth in a

---

[4] Although this Court has held that "personal observations" of other employees and conversations had or overheard at work can be sufficient to demonstrate personal knowledge of the situations of other employees, *Burgess v. Wesley Fin. Grp, LLC*, Case No. 3:16-cv-1655, 2017 WL 1021294, at * 4 (M.D. Tenn. Mar. 16, 2017), Plaintiff has alleged nothing to provide factual support or to show that she made personal observations or otherwise has personal knowledge concerning how the alleged pay policy was applied to other caregivers.

5

(sworn) declaration. And even if Plaintiff's conclusory allegations were entitled to some weight, they would be underwhelming and (although the Court need not decide) arguably insufficient to carry even her modest burden, because they come from only Plaintiff and no other employees.

In *O'Neal*, the court found that none of the plaintiff's three affiants attested to personally observing any other employee work more than his or her contracted number of hours or more than forty hours per week; none of the affiants averred that he or she spoke to any other employee about hours worked or compensation; and none of the affiants claimed to have discussed these matters in any way with any other employee. *O'Neal*, 2013 WL 4013167, at * 9. Therefore, the court held that the statements provided in support of the plaintiff's motion for conditional certification did not include facts from which the court could draw an inference that the other workers were similarly-situated. *Id*. at * 10.

Similarly, in *Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362 (E.D. Mich. Mar. 23, 2012), the court found that the plaintiff had provided nothing more than mere allegations that she and others like her were improperly classified. The Court stated that it was mindful that the plaintiff's burden at that stage was not stringent, but "certification is by no means automatic." *Id*. at * 10. "These allegations lack factual support (such as written policies and emails that support a class of hourly, non-exempt plaintiffs) and are not enough to meet her burden at this stage." *Id*. There, as here, the plaintiff's affidavit suggested that she may have been subjected to FLSA-violating practices, but standing alone, the affidavit did not establish a right to proceed collectively. *Id*.[5]

---

[5] In *Swinney*, the court found that the plaintiff had offered only conclusory allegations in support of his claim that others were similarly situated and those allegations were insufficient for the court to conditionally certify a class. *Swinney*, 2013 WL 28063, at * 7.

Although affidavits in support of motions for conditional certification need not meet all evidentiary standards for admissibility at trial, they must meet *some* standards. *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006). Affidavits submitted at the notice stage must be based on the personal knowledge of the affiant. *Id*. "If the Court were to conclude otherwise, affidavits submitted would not be any more probative than the bare allegations in the complaint, and the requirement of factual support would be superfluous." *Id.*; *Smith v. Maco Mgmt. Co., Inc.*, No. 2:18-cv-00082, 2019 WL 1437927, at * 4 (M.D. Tenn. Apr. 1, 2019). It is for this reason that, as touched on above, conclusory allegations in a plaintiff's declaration (like conclusory allegations set forth in a complaint) fail to support conditional certification. *See McKinstry*, 2017 WL 815666, at * 2 (noting that the plaintiff's declaration would have been insufficient if it "merely asserted a belief that other employees were subject to the same policy that denied her overtime compensation").

Plaintiff also has not alleged any facts based on personal knowledge to show that other hourly employees were paid under the same circumstances as she. For example, Plaintiff alleges that she first worked for Defendants as an independent contractor and was then offered the choice of either receiving a bonus for each hour worked or remaining an independent contractor. (Doc. No. 14-1 at ¶ 8). She asserts that she chose to receive the hourly bonus and Defendants failed to include that bonus in calculating her overtime pay. *Id*. She contends, in support of her motion, that when Defendants promised to pay her that bonus, they "abandoned their discretion" to pay it, and the non-discretionary bonus should have been included in her regular rate of pay. (Doc. No. 14 at 5). But she has not presented evidence, or even baldly alleged facts, to show that any other

7

employee had the same arrangement with Defendants for a "non-discretionary" bonus payment that was excluded from his or her regular rate of pay.[6]

Plaintiff states that there is no requirement that putative plaintiffs be identified by name in a request for conditional certification. (Doc. No. 14 at 12). Even so, Plaintiff's required factual showing cannot be satisfied simply by unsupported assertions. *Medley,* 2017 WL 3485641, at * 5. The named plaintiff must allege some factual support for the existence of a class-wide policy or practice that violates the FLSA. *Id*. Plaintiff has provided only conclusory allegations and offered only her own declaration in support of her motion. While, as other courts have noted, numbers are not dispositive, they are a factor, and Plaintiff's declaration, "as it stands, with no other evidence, is insufficient." *Swinney*, 2013 WL 28063, at * 8.

The Court finds that Plaintiff has not carried her burden to show that she and the members of the purported class are similarly situated. Her declaration presents allegations sufficient to indicate a problem as to her own situation, but Plaintiff has not alleged sufficient facts pointing to similarly situated employees who were subject to a single, common, company-wide, FLSA-violating practice or policy for purposes of conditional certification. Even under the lenient standard requiring a plaintiff to make only a "modest" showing of a "factual nexus," conditional certification must be denied. *See Harriel*, 2012 WL 2878078, at * 4.

Accordingly, Plaintiff's Motion to Conditionally Certify Collective Action (Doc. No. 14) will be denied. An appropriate Order will be entered.

---

[6] In fact, Plaintiff later argues in support of her motion that she "has established that Defendants' pay policy of paying a *discretionary* (instead of non-discretionary) bonus for all hours worked under 40 in a workweek but not including the *discretionary* bonus when calculating overtime pay for any hours worked over 40 in a workweek" resulted in "employees not being paid the one and one-half times the regular rate of pay for all hours worked over 40 in a workweek." (Doc. No. 14 at 9-10) (emphasis added).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE